**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WINNIE B. FANG, M.D.,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br><br>            Defendant-Appellee. | No.    16-17227<br><br>D.C. No. 3:16-cv-06071-JD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted July 14, 2017[**]
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Dr. Winnie Fang filed a motion for a temporary restraining order and/or preliminary injunction requesting that the district court dismiss the ongoing arbitration between Fang and Merrill Lynch, Pierce, Fenner & Smith, Inc. and order the arbitration panel to comply with the Financial Industry Regulatory Authority rules. Fang appeals the district court's denial of that motion. We have jurisdiction, 28 U.S.C. § 1292, and we affirm.

"A plaintiff seeking a preliminary injunction must establish that [(1)] [s]he is likely to succeed on the merits, [(2)] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in h[er] favor, and [(4)] that an injunction is in the public interest."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (quotation marks, citation, and alteration omitted). Under either approach, "at an irreducible minimum," the party seeking the

---

[1] A temporary restraining order and a motion for an injunction are analyzed under the same standard, so we address them together. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

injunction "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (per curiam) (citation and alteration omitted).

The district court did not abuse its discretion by denying Fang's motion for a preliminary injunction, because Fang failed to provide any argument that the four *Winter* elements are met. *See Winter*, 555 U.S. at 20 (noting that "[a] plaintiff seeking a preliminary injunction must establish" the four *Winter* elements).

**AFFIRMED.**